## GEORGE BARBOUR *v.* EDMUND A. NICHOLS.

In an action for refusing to convey lands purchased at an auction sale, the measure of damages is the difference between the amount of the purchaser's bid and the market value of the lands at the date of the breach of contract: but as a mode of ascertaining this value, it is discretionary with the Court to admit testimony as to sales of neighboring lands subsequent to that date, always keeping as near as reasonably may be to the particular point of time at which the value is to be ascertained.

Where the contract was broken on the 7th of June, and testimony as to sales of neighboring lands at any time prior to the 26th of March following was admitted: *Held*, that the range of inquiry was not unreasonably extended.

Where one point submitted to the jury was, whether or not a purchaser of land at auction had applied for his deed within such reasonable time as to be entitled to damages from the seller, who, before his application had conveyed the lands to another: *Held*, That the circumstance that the lands were under a mortgage incumbrance, as shown by the land records of the city, was a fact to be considered by the jury, though it did not appear in evidence that the fact was known to the purchaser, prior to his applying for a deed.

THIS was an action on the case in which damages were claimed, for that the defendant had refused to make conveyance of two lots of land, set up at auction on the 2d of May, 1853, and struck off to the plaintiff as highest bidder. It was commenced in the Common Pleas, and by the defendant appealed to this Court. Under the general issue pleaded, the defendant denied all liability, because not until the 7th of June following did the plaintiff

call for a deed, and defendant, supposing the plaintiff did not intend to take the land, after waiting three weeks disposed of it, together with all his other lands in the neighborhood, to a third person at private sale, at even a lower rate than the bid of the plaintiff. No time was specified at the auction within which deeds were to be delivered or the purchase money paid; but purchasers were told they could have their deeds by calling at the office of the auctioneer. It was agreed at bar at the trial, that the plaintiff must satisfy the jury that within a reasonable time, under the circumstances of the case, he called for a deed: but as to the rule of damages it was claimed for the plaintiff, that he was entitled to recover the difference between the amount of his bid and the highest sum which the lots could have brought at any time between the day of the auction and the day of trial, (April, 1855:) while the defendant contended that his damages could be only the difference (if any) between the amount of his bid and the value of the lots on the day when the conveyance should have been made,—say ten days after the auction, or, at farthest, on the 7th of June, which the plaintiff had by his declaration fixed as the date of the breach of contract. The ruling of the Court upon this point was, that upon the question of damages, testimony as to sales of lots in the neighborhood of the lots in question at any time prior to the date of the plaintiff's writ, (March 24, 1854) might be offered and considered by the Jury: and accordingly such testi. mony was offered, all of which related to sales after the 7th of June, and directly or indirectly to the individual to whom the defendant had sold his lands as aforesaid. The jury returned a verdict for the plaintiff: whereupon the defendant excepted to the ruling upon this point, as

well as upon another, sufficiently stated in the opinion of the Court, grounding upon his exceptions a motion for a new trial.

*J. P. Knowles* for defendant.

*F. E. Hoppin* for plaintiff.

BRAYTON, J.—The first ground upon which the plaintiff claims a new trial, is, that upon the question of damages the Court admitted testimony as to sales of land in the neighborhood at any time between the date of the plaintiff's bidding at auction on the 2d of May, 1853, and the date of the plaintiff's writ, as proper evidence for the jury to weigh and consider.

The defendant's counsel contends, first, that the rule of damages in such case is the value of the land at the time of the breach of contract, deducting the agreed price: that the contract was broken in this case on the 7th of June, 1853, when the defendant refused to execute the deed, and substantially that no evidence of the value of the land at any other time could be legally admitted.

The general rule as to damages is as it is claimed to be, and the first question which suggests itself is, how is the value to be ascertained,—the value at that particular day? The best evidence would be the testimony of witnesses who knew the value of such lots, and if there be a market value what that market value was. This market value is only to be known and ascertained from sales made within the knowledge of the witnesses. If such sales were sufficiently numerous on that particular day, it might perhaps not be necessary to show the prices on any other. But it must be a rare case in which the

value could be settled by evidence confined to a single point of time. It is found necessary, therefore, in all such cases, to give evidence of prices at or about the time both before and after. How far this inquiry should properly be extended, would of course depend upon the frequency or otherwise of the sales made.

The subject matter of sale here, was land, which from the nature of the case is not sold every day, nor, it may be, every week or month. No definite rule, therefore, could be laid down as to the precise extent of this inquiry. It must be very much a matter of discretion in the judge who tries the cause, always keeping as near as reasonably may be to the particular point of time at which the value is to be ascertained.

We are not able to see that in this case the range of inquiry was unreasonably extended, if the jury were properly instructed to find the value at the time of the breach of contract, and not any increased value which it might have acquired afterward, nor any diminished value it may have had before. No exception is taken to the charge of the Court, and we are to presume the jury were properly insructed. With this view we do not deem the admission of the evidence a sufficient ground for a new trial.

The second ground assigned by the defendant for a new trial, is an exception to the charge of the Court to the jury.

One question in the cause submitted to the jury was, whether the plaintiff had tendered the purchase money and demanded his deed within a reasonable time after the auction sale, and it was in evidence that the lots sold were subject to a mortgage made by the defendant and duly recorded in the registry of deeds, and that the in-

cumbrance remained undischarged from that time down to the time of tender and demand of the deed. Upon this state of the evidence, the Court instructed the jury, that in passing upon the question of reasonable time they might consider the fact of the existence and continuance of this incumbrance upon the records.

The objection made by the defendant's counsel in the argument was, that although if the defendant in fact knew the state of the record, it might have been considered by the jury, yet that such knowledge in the defendant was not to be presumed from the fact that such a record existed. The design of the registry is to give notice to all persons interested in the land as purchasers or otherwise, of all conveyances in any way affecting the title. If the plaintiff in this case had taken a deed of release simply of those premises, he could not have pleaded ignorance of this mortgage, as he would have been bound to take notice of its existence, and the record is notice to him. We think the direction was no error.

*Motion for new trial refused.*